UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

REBECCA MONTGOMERY,

    Plaintiff,

v.

CLIENT MANAGEMENT SERVICES, an unregistered business entity; JOHN and JANE DOE, numbers 1-10,

    Defendants.
_____/

# COMPLAINT

1.    This action arises from Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The statute provides for civil liability for a wide range of abusive actions, including, but not limited to the false representation of the character, amount, or legal status of any debt, and the threat to take any action that cannot legally be taken or that is not intended to be taken. "A single violation of the Act is sufficient to subject a debt collector to liability under the Act." *Lewis v. Marinosci Law Grp., P.C.,* 2013 WL 5789183, at *2 (S.D. Fla. Oct. 29, 2013). Defendants violated numerous provisions of the FDCPA while attempting to extract payment from Plaintiff for a debt she does not owe.

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The FDCPA is a federal statute.

3. Venue is proper in this judicial district because Defendant engaged in the complained of collection activities in this district. 28 U.S.C. § 1391(b) ("A civil action may be brought in— (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.").

## PARTIES

4. Plaintiff, Rebecca Montgomery, is a natural person and resident of Ft. Walton Beach, Florida. Ft. Walton Beach is located in Okaloosa County.

5. Plaintiff, as further described herein, is a consumer as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Client Management Services, is an unlicensed, unregistered entity whose mailing address is believed to be 3212 Northlake Parkway NE, Suite 450974, Atlanta, Georgia 30345, a for-rent mailbox located inside the United States Post Office at 3212 Northlake Parkway NE, Atlanta, Georgia 30345.

7. Client Management Services, through the use of various instrumentalities of interstate commerce, is engaged in a business the principal purpose of which is the collection of "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. Client Management Services is a "debt collector" as defined by 15 U.S.C. § 1692a(6); however, Client Management Services is not and has never been registered with the State of Florida as a consumer collection agency.

9. Defendants John and Jane Doe, numbers 1-10, are sued under fictitious names as the true names and capacities of the Doe Defendants are currently unknown. Plaintiff intends to amend this complaint by inserting the true names and capacities of the Doe Defendants once ascertained.

10. Plaintiff is informed and believes, and on that basis alleges, that Defendants John and Jane Doe, numbers 1-10, are natural persons and/or business entities, all of whom reside in the United States, who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, oversaw, and engaged in the illegal practices and procedures that are the subject of this complaint. These Defendants personally control the illegal acts, policies, and practices utilized by Client Management Services and are personally liable for all the wrongdoing alleged in this complaint.

## FACTUAL ALLEGATIONS

11.     Approximately 6 weeks prior to the filing of this action, Plaintiff received the first in a series of telephone calls from an individual identifying herself as Susan Taylor ("Taylor").

12.     Taylor claimed to be calling as a representative of Client Management Services regarding an allegedly delinquent debt; namely, a Citibank credit card which, according to Taylor, was more than five years delinquent.

13.     In Florida, the statute of limitations for a credit card debt may be as little as three (3) years, but in no case longer than five (5) years.

14.     According to Taylor, if Plaintiff failed to pay the alleged debt immediately, Client Management Services would obtain a judgment against her, freeze her bank accounts, seize her property, etc.

15.     Plaintiff denied owing the amount demanded, but was repeatedly harassed by Defendant's threats and demands for payment.

16.     Due to the continued harassment, Plaintiff retained counsel, who contacted Taylor to discuss the alleged debt. Even after speaking with Plaintiff's counsel, Taylor contacted Plaintiff directly on at least one more occasion to demand payment of the alleged debt and threaten Plaintiff with consequences of nonpayment.

17. At no time did Defendant ever send Plaintiff a written notice (of any type) regarding the debt.

18. At no time under the circumstances described herein did Client Management Services have a legal claim against Plaintiff which can be enforced in a court of law, result in judgement, garnishment, or seizure of her assets.

19. At the time Plaintiff was threatened with legal action, the applicable statute of limitations on the alleged Citibank debt was, based on Defendant's own statements, expired.

## COUNT I
## VIOLATIONS OF THE FDCPA; 15 U.S.C. §§ 1692c(a)(2), 1692e, 1692e(2)(A), 1692e(4), 1692e(5), 1692e(10), and 1692g(a)

20. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

21. Section 1692c(a)(2) prohibits communication with a consumer in connection with the collection of any debt— *if the debt collector knows the consumer is represented by an attorney* with respect to such debt.

22. Section 1692e prohibits a debt collector from using any false, deceptive, or misleading representations in connection with the collection of a debt. More specifically, Section 1692e(2)(A) prohibits a debt collector from falsely representing of "the *character, amount, or legal status* of any debt."

*Valle v. First Nat. Collection Bureau, Inc.*, 252 F. Supp. 3d 1332, 1339 (S.D. Fla. 2017).

23. Section 1692e(4) prohibits the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person ***or the seizure, garnishment, attachment, or sale of any property or wages of any person*** unless such action is lawful and the debt collector or creditor intends to take such action.

24. Section 1692e(5) prohibits a debt collector from ***threatening to take action that cannot legally be taken or that is not intended to be taken***. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 (11th Cir. 2010).

25. The statements and threats made by Defendant to Plaintiff, as described above, are patently false and violate §§ 1692c(a)(2), 1692e, 1692e(2)(A), 1692e(4), 1692e(5), and 1692e(10).

26. Next, a person may not engage in business in the State of Florida as a consumer collection agency or continue to do business in the State of Florida as a consumer collection agency without first registering as such, and thereafter maintaining a valid registration. See Fla. Stat. § 559.553(1). A violation of state law may, as is the case here, be a violation of the FDPCA. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010) ("[C]ollection

activities that use 'any false, deceptive, or misleading representation or means,' . . . under state law, will also constitute FDCPA violations.").

27. Defendant violated 15 U.S.C. § 1692e(5) by attempting to collect a consumer debt in the State of Florida *without first obtaining and thereafter maintaining a valid registration*.

28. Finally, Section 1692g(a) requires a debt collector to send, within 5 days of its initial communication with a consumer, a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

At no time did Defendant send such notice.

29. 15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to

7

such person for up to $1,000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**WHEREFORE**, Plaintiff requests judgment in her favor, and against Defendant for:

      a. Statutory damages in the amount of $1,000 dollars;

      b. Actual damages;

      b. Attorney's fees, litigation expenses and costs of suit;

      c. Such other or further relief as the Court deems proper.

Dated: February 1, 2019

                                      Respectfully submitted,

                                      s/ *Scott D. Owens*
                                      Scott D. Owens, Esq.
                                      SCOTT D. OWENS, P.A.
                                      3800 S. Ocean Dr., Ste. 235
                                      Hollywood, FL 33019
                                      Tel: 954-589-0588
                                      Fax: 954-337-0666
                                      scott@scottdowens.com